IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN ENERGY TECHNOLOGIES | § | |
| and RYAN ENERGY TECHNOLOGIES | § | |
| U.S.A., INC., | § | |
|         Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| CDG-MWD GP, L.L.C., CDG-MWD, | § | CIVIL ACTION NO. H-04-3135 |
| LTD., COMPASS DIRECTIONAL | § | |
| GUIDANCE, INC., COMPASS | § | |
| DIRECTIONAL II, L.L.C., GARY | § | |
| LONG, SAMUEL SAHAGUN, JR., | § | |
| ALFREDO SOLIS, FERNANDO CANO, | § | |
| DV8 TECHNOLOGIES, L.L.C., INC., | § | |
|         Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is the motion of defendants, Samuel Sahagun, Jr., Alfredo Solis, and Fernando Cano to vacate the arbitration award of attorneys' fees and expenses rendered against them on claims asserted in this action by plaintiffs, Ryan Energy Technologies and Ryan Energy Technologies U.S.A., Inc. (Ryan). For the reasons stated below, the defendants' Motion to Vacate Arbitration Award (Docket Entry No. 60) will be granted.

## I.  **Background**

Ryan initiated this action on August 6, 2004, seeking damages and injunctive relief.[1]  Since three of the defendants, Sahagun,

---

[1]See Plaintiffs' Original Complaint, Docket Entry No. 1.

Solis, and Cano, are former Ryan employees whose employment was subject to a dispute resolution program, Ryan filed a demand for arbitration seeking "a permanent injunction and damages for theft, copyright infringement, misappropriation of trade secrets, unfair competition, breach of contract, tortious interference with contract, and conspiracy,"[2] as well as attorneys' fees and costs of suit.[3]   On April 5 and 6, 2005, an arbitrator from the American Arbitration Association (AAA) held a hearing on Ryan's claims against these defendants.   On August 8, 2005, the arbitrator rendered a final award that denied Ryan's claims for copyright infringement, tortious interference, unfair competition, and misappropriation of trade secrets, and granted Ryan's claims for breach of confidentiality contract (confidentiality agreement), statutory theft, and conspiracy.[4]   Although the arbitrator did not award Ryan damages or injunctive relief, she awarded Ryan "the sum of $173,642.27 as attorney fees and expenses."[5]   The arbitrator explained that Ryan was entitled to attorneys' fees "for

---

[2]Claimant's Original Demand for Arbitration and Description of Dispute, Exhibit A1 of Exhibits to Motion to Vacate Arbitration Award Filed Under Seal (Defendants' Exhibits), Docket Entry No. 61, p. 1.

[3]Id. at p. 10.

[4]Award of Arbitrator, Defendants' Exhibit A4, p. 1.

[5]Id. at p. 5.

demonstrating a breach of contract by each [r]espondent,"[6] and "for the pursuit of its claim for theft against [r]espondents,"[7] and she apportioned expenses between the parties.  Defendants seek vacatur on grounds that the arbitrator exceeded the scope of her authority by apportioning expenses between the parties, and that she manifestly disregarded the law by awarding attorneys' fees to Ryan.[8]

## II.  **Standard of Review**

"A district court's review of an arbitration award is extraordinarily narrow." Kergosien v. Ocean Energy, Inc., 390 F.3d 346, 352 (5th Cir. 2004).  Statutory grounds for vacating an arbitration award are set forth in the Federal Arbitration Act (FAA).  Id. (citing 9 U.S.C. § 1, et seq.).  Section 10(a) of the FAA allows this court to vacate an arbitration award only if (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct that prejudiced the rights of the parties; (4) the arbitrator exceeded her powers.  9 U.S.C. § 10(a)-(d).  In addition to the statutory

---

[6]Id.

[7]Id.

[8]Motion to Vacate Arbitration Award, Docket Entry No. 60, p. 2.

-3-

grounds for vacating an arbitration award, the Fifth Circuit recognizes two non-statutory grounds for vacatur: (1) manifest disregard of the law, and (2) contrary to public policy. See Kergosien, 390 F.3d at 353, and Prestige Ford v. Ford Dealer Computer Serv., Inc., 324 F.3d 391, 395 (5th Cir.), cert. denied, 124 S.Ct. 281 (2003). "A party moving to vacate an arbitration award has the burden of proof." Matter of Arbitration Between Trans Chemical Ltd. and China National Machinery Import & Export Corp., 978 F.Supp. 266, 303 (S.D. Tex. 1997), aff'd and adopted in principal part, 161 F.3d 314 (5th Cir. 1998).

### III.  Analysis

Defendants argue that the arbitrator's award should be vacated because the arbitrator exceeded the scope of her authority by apportioning expenses between the parties and because she manifestly disregarded the law by awarding attorneys' fees to Ryan.[9]

### A.  Did the Arbitrator Exceed the Scope of Her Authority by Apportioning Expenses Between the Parties?

Citing 9 U.S.C. § 10(c)(4) defendants argue that by apportioning expenses between the parties the arbitrator exceeded the scope of her authority because the arbitration was governed by Nabors' Dispute Resolution Program, and the rules of that program

---

[9]Id.

expressly provide that employees shall not be responsible for paying any costs (i.e., expenses).[10]  Citing an October 19, 2004, letter from the International Center for Dispute Resolution (ICDR) to the parties, Ryan argues that the arbitrator did not exceed the scope of her authority because the arbitration was not governed by the Nabors' rules but, instead, by the AAA rules.[11]  Alternatively, Ryan argues that the Nabors' rules provide the arbitrator discretion to award costs.[12]

    1.  <u>Standard of Review</u>

The scope of an arbitrator's authority is defined by the arbitration clauses, the submission agreement, and the scope of the submissions.  <u>Executone Information Systems, Inc. v. Davis</u>, 26 F.3d 1314, 1323 (5th Cir. 1994).  Although arbitrators enjoy a broad grant of authority to fashion remedies, an arbitrator exceeds her authority when she awards damages on a claim not submitted by the parties to the arbitration panel.  <u>Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.</u>, 607 F.2d 649, 651 (5th Cir. 1979). All doubts must be resolved in favor of the arbitration award. <u>Executone</u>, 26 F.3d at 1320-1321.

---

[10]<u>Id.</u> at pp. 7-8.

[11]Ryan's Response, Docket Entry No. 63 at eighth unnumbered page (citing ICDR letter of October 19, 2004, Exhibit E attached thereto).

[12]<u>Id.</u>

-5-

2.   Arbitrator's Award of Expenses

The arbitrator's award apportions expenses as follows:

1.   The administrative fees and expenses of the American Arbitration Association totaling TWO THOUSAND THREE HUNDRED FIFTY DOLLARS AND ZERO CENTS ($2,350.00) shall be borne as follows:   50% by Ryan Energy Technologies, Ryan Energy Technologies, USA, and 50% jointly and severally by Samuel Sahagun, Alfredo Solis and Fernando Cano.   The compensation and expenses of the neutral Arbitrator totaling TEN THOUSAND FOUR HUNDRED FOURTY SEVEN DOLLARS AND EIGHTEEN CENTS ($10,447.18) shall be borne as follows:   50% by Ryan Energy Technologies, Ryan Energy Technologies, USA, 50% jointly and severally by Samuel Sahagun, Alfredo Solis, and Fernando Cano.

2.   Therefore, Samuel Sahagun shall reimburse Ryan Energy Technologies, Ryan Energy Technologies, USA the sum of TWO THOUSAND ONE HUNDRED THIRTY TWO DOLLARS AND NINETY CENTS ($2,132.90), representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Ryan Energy Technologies, Ryan Energy Technologies, USA.   Alfredo Solis shall reimburse Ryan Energy Technologies, Ryan Energy Technologies, USA the sum of TWO THOUSAND ONE HUNDRED THIRTY TWO DOLLARS AND NINETY CENTS ($2,132.90), representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Ryan Energy Technologies, Ryan Energy Technologies, USA.   Fernando Cano shall reimburse Ryan Energy Technologies, Ryan Energy Technologies, USA, the sum of TWO THOUSAND ONE HUNDRED THIRTY TWO DOLLARS AND SEVENTY EIGHT CENTS ($2,132.78), representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Ryan Energy Technologies, Ryan Energy Technologies, USA.[13]


3.   Analysis

Ryan argues that by letter dated October 19, 2004, the International Centre for Dispute Resolution (ICDR) expressly

---

[13]Award of Arbitrator, Defendants' Exhibit A4, pp. 5-6.

informed the parties that the arbitration would be conducted under

AAA's National Rules for the Resolution of Employment Disputes:

> [t]he claimant has filed with us a Demand for Arbitration
> of a dispute arising out of a contract between the above
> referenced parties.  We note that the arbitration clause
> provides for arbitration by the American Arbitration
> Association.   It is the policy of the American
> Arbitration Association to administer all employment
> disputes arising out of employer-promulgated plans in
> accordance with the AAA's National Rules for the
> Resolution of Employment Disputes effective January 1,
> 2004 ("Employment Rules"), as well as the Employment Due
> Process Protocols. . .
>
> . . .
>
> Upon review of the documents submitted in the above-
> referenced matter, the Association has determined that
> this dispute arises from an <u>Employer Promulgated Plan</u>,
> and will be administered in accordance with the <u>National
> Rules for the Resolution of Employment Disputes</u>. . .[14]

Asserting that "neither party objected to use of the AAA . . .

rules,"[15] Ryan argues that the arbitrator's award of expenses must

be upheld because those rules allow the arbitrator to award

expenses.[16]  In the alternative, Ryan argues that the Nabors' rules

also provide the arbitrator discretion to award expenses.[17]

Although defendants do not dispute that the AAA rules allow

the arbitrator to apportion costs or that they did not object to

---

[14]ICDR Letter of October 19, 2004, Exhibit E attached to Ryan's Response, Docket Entry No. 63.

[15]Ryan's Response, Docket Entry No. 63, ninth unnumbered page.

[16]<u>Id.</u>

[17]<u>Id.</u> at tenth unnumbered page (citing Nabors' Dispute Resolution Program and Rules, Exhibit C, ¶ 32.E).

conducting the arbitration under those rules, the court is persuaded that the arbitrator exceeded her authority by assessing costs against the defendants because portions of the ICDR's October 19, 2004, letter not cited by Ryan expressly state that the costs of arbitration are to be paid in accordance with the terms of the parties' employment agreement. Pursuant to that agreement when the employer initiates the arbitration, the employer bears sole responsibility for paying the costs of arbitration unless the employees choose to pay a portion of the arbitrator's compensation.

The ICDR's letter of October 19, 2004, states that

[i]n cases before a single arbitrator, a non-refundable filing fee, capped in the amount of $125.00, is payable in full by the employee when a claim is filed, unless the plan provides that the employee pay less. A non-refundable fee in the amount of $625.00 is payable in full by the employer, unless the plan provides that the employer pay more.

We note the parties' employment agreement requires the Employee to pay only if he or she initiates the proceedings. Therefore, the Employer is required to pay a filing fee of $1,000.00 ($625.00 for employer $125.00 for each employee).

. . .

The AAA's administrative fees are based on filing and service charges. Arbitrator compensation is not included in this schedule. The AAA may require arbitrator's compensation deposits in advance of any hearings. Unless the employee chooses to pay a portion of the arbitrator's compensation, the employer shall pay such compensation in total.[18]

---

[18]ICDR Letter of October 19, 2004, Exhibit E attached to Ryan's
(continued...)

Rule 32.E of the parties' employment agreement governing "Fees and Expenses" states:

> The Employee or Applicant shall pay a $150 fee if he or she initiates arbitration or mediation. Otherwise, Employee/Applicant parties shall not be responsible for payment of fees and expenses of proceedings under these Rules, including required travel of an arbitrator or mediator, expenses of an arbitrator or a mediator, AAA or JAMS, and the cost of any proof produced at the discretion of an arbitrator.[19]

It is undisputed that the employer, Ryan, and not the employees initiated the arbitration at issue. Although Ryan argues that the prepositional phrase "at the discretion of the arbitrator" that appears at the end of ¶ 32.E grants the arbitrator discretion to apportion the costs of arbitration between the parties,[20] the court is not persuaded that this phrase sweeps so broadly. The court is persuaded that this phrase modifies only the phrase immediately preceding it in the sentence, and that together these two phrases describe one of the types of expenses that the employer is required to pay. The court is not persuaded that this phrase provides an exception to the statement at the beginning of the sentence that expressly states that "[e]mployee/[a]pplicant parties shall not be responsible for payment of fees and expenses of

---

[18](...continued)
Response, second page (emphasis added).

[19]Nabors' Dispute Resolution Program and Rules, Exhibit D attached to Defendants' Exhibit A1, Rule 32.E.

[20]Ryan's Response, Docket Entry No. 63, tenth and eleventh unnumbered pages.

proceedings under these [r]ules."

Since the ICDR's letter of October 19, 2004, acknowledges that the parties' employment agreement provides for the employer and not the employees to pay fees and expenses, and that "[u]nless the employee[s] choose[] to pay a portion of the arbitrator's compensation, the employer shall pay such compensation in total," the court is not persuaded that the defendants' failure to object to the letter's statement that the arbitration would be conducted in accordance with the AAA rules either authorized the arbitrator to apportion expenses that include fees and the arbitrator's compensation, or placed the defendants on notice of the need to object to such authorization.  The court is persuaded that the October 19, 2004, letter's express statements that these expenses would be borne by the employer and not the employees demonstrate that the parties agreed prior to the arbitration that the issue of expenses would not be submitted to the arbitrator and that the arbitrator exceeded her authority when she apportioned expenses between the parties.  See Totem Marine Tug & Barge, 607 F.2d at 651 (an arbitrator exceeds her authority when she awards damages on a claim not submitted by the parties to the arbitration panel).

**B.   Did the Arbitrator Manifestly Disregard the Law by Awarding Attorneys' Fees to Ryan?**

Citing Texas Civil Practices & Remedies Code defendants argue that by assessing attorneys' fees against them, the arbitrator manifestly disregarded Texas law on the award of attorneys' fees

for breach of contract (§ 38.001) and for violation of the Texas Theft Liability Act (§§ 134.001-134.005).

1.   <u>Standard of Review</u>

Arbitration awards may not be vacated for errors of law or fact unless the arbitrator's failure to rule in accordance with the law constitutes "manifest disregard" of the law as opposed to mere misinterpretation of the law.  See <u>Prestige Ford</u>, 324 F.3d at 395 (quoting <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker</u>, 808 F.2d 930, 933 (2d Cir. 1986)).  "The arbitrators must have 'appreciate[d] the existence of a clearly governing principle but decided to ignore or pay no attention to it.' . . .  Furthermore, 'the governing law ignored by the arbitrators must be well defined, explicit, and clearly applicable.'" <u>Brabham v. A.G. Edwards & Sons Inc.</u>, 376 F.3d 377, 381-382 (5th Cir. 2004) (quoting <u>Merrill Lynch</u>, 808 F.2d at 934).  Even if the arbitrator manifestly disregarded the law, the court may not vacate the award without concluding that the award resulted in a "significant injustice." <u>Id.</u> at 382 & n.5. <u>See also</u> <u>Kergosien</u>, 390 F.3d at 355.

2.   <u>Award of Attorneys' Fees</u>

The arbitrator explained that Ryan was entitled to attorneys' fees "for demonstrating a breach of contract by each Respondent,"[21] and "for the pursuit of its claim for theft against Respondents."[22]

---

[21]Award of Arbitrator, Defendants' Exhibit A4, p. 5.

[22]<u>Id.</u>

-11-

3.   Analysis

    (a)   Did the Arbitrator Manifestly Disregard the Law by
Awarding Ryan Attorneys' fees "For Demonstrating a
Breach of Contract"?

Addressing Ryan's claim that the defendants breached their

contractual agreements, the arbitrator found that

> [t]he elements in a claim for breach of contract are:
> (1) a valid contract; (2) the plaintiff performed or
> tendered performance; (3) the defendant breached the
> contract; and (4) the plaintiff was damaged as a result
> of the breach.  Respondents had contractual obligations
> to maintain Ryan's proprietary information as
> confidential and not to remove any proprietary or
> physical property from Ryan Energy.  Respondents each
> signed a Confidentiality Agreement, a Reminder of
> Confidentiality Agreement, and a Proprietary Information
> and Termination Statement.  All of which were breached by
> Respondents.  Ryan seeks restitution of the value of the
> proprietary information conveyed to Respondents and
> subsequently destroyed by disclosure to others in breach
> of confidence as well as reasonable attorney fees for the
> prevailing fees.  Ryan is entitled to attorney fees for
> demonstrating a breach of contract by each Respondent.[23]

Citing Green International, Inc. v. Solis, 951 S.W.2d 384, 390

(Tex. 1997), defendants argue that the arbitrator manifestly

disregarded the law regarding attorneys' fees for breach of

contract because recovery of actual damages is a prerequisite to

recovery of attorneys' fees under Texas Civil Practices & Remedies

Code § 38.001, and Ryan did not recover damages on its breach of

contract claims.[24]  Ryan has not responded to this argument.[25]

---

[23]Id.

[24]Motion to Vacate Arbitration Award, Docket Entry No. 60,
pp. 4-5.

[25]See Ryan's Response, Docket Entry No. 63, fifth through
eighth unnumbered pages arguing only that the Texas Theft Liability
Act allows attorneys' fees to be awarded absent an award of
(continued...)

In the post-hearing brief that it submitted to the arbitrator Ryan argued that

> [w]ith respect to remedies for breach of contract damages . . .
>
> Ryan seeks restitution of the value of the proprietary information conveyed to [r]espondents and subsequently destroyed by disclosure to others in breach of confidence. . . . [T]he cost to develop Ryan information represents the best estimate of the value of the secrets bestowed upon [r]espondents.
>
> In addition to the damages above, the person bringing suit may recover reasonable attorney's fees in an action for breach of contract. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8). "When a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory under C.P.R.C. § 38.001 if there is proof of the reasonableness of the fees. A trial court has the discretion to fix the amount of attorney's fees, but it does not have the discretion to completely deny attorney's fees if they are proper under § 38.001."[26]

Defendants responded by stating that

> Ryan has failed to establish any actual damages resulting from any alleged breach of the confidentiality agreements. Recovery of actual damages is a prerequisite to recovery of attorneys' fees under Tex. Civ. Prac. & Rem. Code § 38.001. See Green International, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997). Accordingly, Section 38.001 et seq. provides no basis for a recovery of attorneys' fees by Ryan.[27]

---

[25](...continued)
damages.

[26]Claimant's Post-Hearing Brief, Defendants' Exhibit A3, p. 27.

[27]Respondents' Post-Hearing Brief, Defendants' Exhibit A2, p. 13.

Defendants argue that the arbitrator manifestly disregarded the law

regarding the recovery of attorneys' fees for breach of contract

because

> [i]t is undisputed that the arbitrator did not award Ryan
> any actual damages in the arbitration. Furthermore, the
> Former Employees clearly informed the arbitrator of <u>Green</u>
> and the statutory requirement of actual damages in their
> Post-Hearing Brief submitted months before the Award.
> Ex. A2 at 13. Accordingly, section 38.001 et seq.
> provides no basis for the arbitrator's award of $173,642
> of attorneys' fees to Ryan, and, to the extent the
> arbitrator based the award of attorneys' fees on Ryan's
> mere demonstration of a breach of contract, without
> actual damages, as stated in the Award, it is manifest
> that the arbitrator disregarded the applicable law.[28]

In <u>Green</u>, 951 S.W.2d at 390, the Texas Supreme Court explained

that § 38.001(8)

> provides that a party "may recover reasonable attorney's
> fees from an individual or corporation, in addition to
> the amount of a valid claim and costs, if the claim is
> for . . . an oral or written contract." Tex. Civ.
> Prac. & Rem. Code § 38.001(8). To recover attorney's
> fees under Section 38.001, a party must (1) prevail on a
> cause of action for which attorney's fees are
> recoverable, and (2) recover damages. <u>State Farm Life
> Ins. Co. v. Beaston</u>, 907 S.W.2d 430, 437 (Tex. 1995).
> Although the jury found that Solis failed to comply with
> the Woodville Subcontract, the jury awarded zero damages
> to Green for this breach. Because Green failed to
> recover damages on its breach of contract claim, Green
> was not entitled to recover attorney's fees under Section
> 38.001.

As in <u>Green</u>, the arbitrator found that the defendants failed

to comply with their contractual agreements, but she awarded no

---

[28]Motion to Vacate Arbitration Award, Docket Entry No. 60,
p. 5.

damages to Ryan for the breach.  For the reasons stated in <u>Green</u>, Ryan was not entitled to recover attorneys' fees under § 38.001 on its breach of contract claim.  The Texas Supreme Court's decision in <u>Green</u> has provided the governing principle of Texas law on the recovery of attorneys' fees for breach of contract since 1997. Neither party disputes that the <u>Green</u> decision provides the governing principle of Texas law on the issue of Ryan's ability to recover attorneys' fees for breach of contract.  Both parties brought this governing principle to the arbitrator's attention in their post-hearing briefs.  Defendants did so by citing <u>Green</u>,[29] and Ryan did so by stating that a person bringing suit for breach of contract may recover reasonable attorneys' fees "[i]n addition to damages."[30]  Moreover, in the award the arbitrator expressly stated that one of the elements of a breach of contract claim is "that plaintiff was damaged as a result of the breach."[31]

Since both parties brought the governing principle of Texas law to the arbitrator's attention in their post-hearing briefs, since this principle is "well defined, explicit, and clearly applicable" to the facts of this case, and since the arbitration

---

[29]Respondents' Post-Hearing Brief, Defendants' Exhibit A2, p. 13.

[30]Claimant's Post-Hearing Brief, Defendants' Exhibit A3, p. 27.

[31]Motion to Vacate Arbitration Award, Docket Entry No. 60, p. 5.

award identifies damages as a necessary element of a claim for breach of contract, the court concludes that the arbitrator could not have awarded attorneys' fees to Ryan "for demonstrating a breach of contract by each Respondent"[32] without ignoring and manifestly disregarding the applicable law. See Brabham, 376 F.3d at 381-382 ("The arbitrators must have 'appreciate[d] the existence of a clearly governing principle but decided to ignore or pay no attention to it.' . . . 'the governing law ignored . . . must be well defined, explicit, and clearly applicable.'").

> (b)  Did the Arbitrator Manifestly Disregard the Law by Awarding Ryan Attorneys' Fees "For the Pursuit of Its Claim for Theft"?

Addressing Ryan's claim that the defendants "committed theft of Ryan's property under the Texas Theft Liability Act,"[33] the arbitrator found that

> [t]here is no question that one or all of Respondents took property from Ryan.  Several Ryan items were found on the premises of CDG and retrieved at the seizure. Each Respondent had personal knowledge of each Ryan item being used or brought to CDG.  No other person(s) were implicated in the theft.  The items seized included a Ryan tester, an intermodule end with a Ryan part number, a variety of Ryan forms and checklists, a Ryan poppet, and Ryan reliability and performance reports.  Further, absent any trade secrets, Respondents could not have stolen trade secrets.  However, under Chapter 134 of the Texas Civil Practice and Remedies Code, a party who

---

[32]Award of Arbitrator, Defendants' Exhibit A4, p. 5.

[33]Award of Arbitrator, Defendants' Exhibit A4, p. 4.

sustains damages because of another party's theft may receive "the amount of actual damages found by the trier of fact and, in addition to actual damages, damages awarded by the trier of fact in a sum not to exceed $1,000. . ." Chapter 134 also states that "each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." A plaintiff may recover attorney fees from a defendant even if the plaintiff does not recover actual damages when the plaintiff is the prevailing party based upon success on the merits, and not on whether or not damages were awarded. Ryan is entitled to reasonable attorneys fees for the pursuit of its claim for theft against Respondents.[34]

Defendants argue that the arbitrator manifestly disregarded the law by awarding Ryan attorneys' fees "for the pursuit of its claims for theft" because the Texas Theft Liability Act "makes it clear that a party must 'prevail' in order to obtain attorneys fees."[35] Ryan does not dispute that the Texas Theft Liability Act limits the award of attorneys' fees to prevailing parties.[36] Citing Johns v. Ram-Forwarding, Inc., 29 S.W.3d 635, 638 (Tex. App. – Houston [1st Dist.] 2000, no pet.), Ryan argues that a party prevails if it succeeds on the merits, regardless of whether damages are recovered.[37]

In Johns, Ram-Forwarding brought suit against Johns, its former employee, for various claims, including conversion and civil

---

[34]Id. at pp. 4-5.

[35]Motion to Vacate Arbitration Award, Docket Entry No. 60, p. 6.

[36]See Ryan's Response, Docket Entry No. 63, fifth unnumbered page.

[37]Id. at fifth through eighth unnumbered pages.

theft, under the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code §§ 134.001-134.005. Id. at 637. Ram-Forwarding alleged that Johns stole money and other items from the company while he was employed as vice-president. Id. At the end of trial the jury found in favor of Ram-Forwarding on its claims for conversion and civil theft and awarded Ram-Forwarding approximately $46,000 for conversion but no amount in actual damages for its civil theft claim. Johns also recovered $50,000 in attorneys' fees. Id.

Citing Green, 951 S.W.2d at 390, Johns argued on appeal that the trial court erred by awarding attorneys' fees on the civil theft claim because the jury awarded no damages for that claim. Observing that the text of § 134.005(b) governing the award of attorneys' fees under the Texas Theft Liability Act differs from the text of § 38.001 governing the award of attorneys' fees for other types of actions, the Johns court held that "Ram-Forwarding was entitled to recover attorneys' fees even though it recovered zero damages for its civil theft claim." Id. at 638. The court explained that

> [w]hile section 38.001 provides that a party "may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs," section 134.005(b) states that a "person who prevails" in a suit under the Texas Theft Liability Act "shall be awarded court costs and reasonable and necessary attorney's fees." (Emphasis added). Other courts of appeals have interpreted a "prevailing party" as "one of the parties to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention."

-18-

City of Amarillo v. Glick, 991 S.W.2d 14, 17 (Tex. App.
-- Amarillo 1997, no pet.) (interpreting TEX. LOC. GOV'T
CODE ANN. § 143.015(c) (Vernon 1999)); Federal Deposit
Ins. Corp. v. Graham, 882 S.W.2d 890, 900 (Tex. App. --
Houston [14th Dist.] 1994, no writ) (interpreting TEX.
CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 1997)).   A
determination of whether a party is the prevailing or
successful party must be based upon success on the
merits, and not on whether or not damages were awarded.
Glick, 991 S.W.2d at 17; Scholl v. Home Owners Warranty
Corp., 810 S.W.2d 464, 468 (Tex. App. -- San Antonio
1991, no writ) (interpreting TEX.R.CIV.P. 131); Perez v.
Baker Packers, Div. of Baker Int'l Corp., 694 S.W.2d 138,
143 (Tex. App. -- Houston [14th Dist.] 1985, writ ref'd
n.r.e.) (interpreting TEX.R.CIV.P. 131).

Id. at 637-638.   Although Johns had also argued that allowing
Ram-Forwarding to recover both actual damages for its conversion
claim and attorneys' fees for its civil theft claim would amount to
an impermissible double recovery, the appeals court did not answer
that question because Johns failed to show that he had preserved
the issue for appeal.  See Tex. R. App. P. 33.1(a).

Citing Alcatel USA, Inc. v. Cisco Systems, Inc., 239 F.Supp.2d
660 (E.D. Tex. 2002), defendants argue that Ryan was not a
prevailing party in the arbitration because Ryan did not receive
legal or equitable relief on any of its theft claims.  In Alcatel
the court refused to read Johns to mean that prevailing party
status for purposes of fee awards attaches to any party who obtains
a judgment in its favor on a civil theft claim regardless of
whether relief was afforded in equity or at law.  Id. at 674-676.
Citing the Supreme Court's consideration of prevailing party status
for the purpose of awarding attorneys' fees in civil rights
actions, the Alcatel court concluded that a prevailing party "is

one who has been awarded some relief by the court."  Id. at 675
(quoting Buckhannon v. West Virginia Department of Health and Human
Resources, 121 S.Ct. 1835, 1839 (2001), and citing Farrar v. Hobby,
113 S.Ct. 566, 573 (1992) ("a plaintiff 'prevails' when actual
relief on the merits of his claim materially alters the legal
relationship between the parties by modifying the defendant's
behavior in a way that directly benefits the plaintiff")).
Observing that the plaintiff in Johns (Ram-Forwarding) had not
recovered damages for its civil theft claim, but had recovered
$46,000 for its conversion claim, and that its conversion claim
"overlapped" its theft claim because both claims were brought to
redress the same rights and the same corpus, the court concluded
that Ram-Forwarding was a prevailing party in the underlying suit
because it had obtained relief for conversion and had, therefore,
been vindicated by the trial court's judgment.

Unlike the plaintiff in Johns, Ryan has not obtained any
relief on the merits of any theft claim, and although Ryan does not
dispute the arbitrator's assertion that "[a] plaintiff may recover
attorney fees from a defendant even if the plaintiff does not
recover actual damages when the plaintiff is the prevailing party
based upon success on the merits,"[38] Ryan does not argue, and the
court does not find, that Ryan was successful on the merits of any
of its theft claims.

---

[38]Award of Arbitrator, Defendants' Exhibit A4, pp. 4-5.

Ryan brought the arbitration proceeding seeking "a permanent injunction and damages for theft . . . ."[39] Although the arbitrator's award included the assertion that "[t]here is no question that one or all of [r]espondents took property from Ryan,"[40] Ryan does not argue, and the court does not find, that this assertion constitutes a finding of success on the merits of any of Ryan's theft claims. Moreover, the arbitrator's assertion that "Ryan is entitled to reasonable attorneys' fees for the <u>pursuit</u> of its claim for theft," ignores the express language of the Texas Theft Liability Act that limits the recovery of attorneys' fees to <u>prevailing</u> parties. <u>See</u> Tex. Civ. Prac. & Rem. Code § 135.005(b) ("[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees"). Since the arbitrator's award expressly quotes this section of the Act, the court concludes that the arbitrator could not have awarded attorneys' fees to Ryan "for the pursuit of its claim for theft against Respondents,"[41] without ignoring and manifestly disregarding this well defined and clearly established principle of governing law. <u>See</u> <u>Brabham</u>, 376 F.3d at 381-382.

---

[39]Claimant's Original Demand for Arbitration and Description of Dispute, Exhibit A1 of Exhibits to Motion to Vacate Arbitration Award Filed Under Seal (Defendants' Exhibits), Docket Entry No. 61, p. 1.

[40]Award of Arbitrator, Defendants' Exhibit A4, p. 4.

[41]<u>Id.</u> at p. 5.

(c)  Significant Injustice

"Even if the arbitrator did manifestly disregard the law, a second step of the manifest disregard analysis requires that before an arbitrator's award can be vacated, the court must find that the award resulted in a 'significant injustice.'"  <u>Kergosien</u>, 390 F.3d at 355 (citing <u>Williams v. Cigna Financial Advisors, Inc.</u>, 197 F.3d 752, 762 (5th Cir. 1999), <u>cert. denied</u>, 120 S.Ct. 1833 (2000)).  In <u>Williams</u> the court explained that "where on the basis of information available to the court it is manifest that the arbitrators acted contrary to the applicable law, the award should be upheld unless it would result in significant injustice, taking into account all the circumstances of the case, including powers of arbitrators to judge norms appropriate to the relations between the parties."  197 F.3d at 762.

Defendants argue that

[t]he award of attorneys' fees against [them] does nothing more than penalize them for actions of the Plaintiffs [i.e., Ryan] that had nothing to do with the arbitration . . . . Particularly, all of the fees awarded to Ryan in the arbitration, with the exception of a limited and unsegregated amount attributable to the arbitration hearing itself, were incurred by Ryan in connection with this lawsuit, not the arbitration . . . . Ex. A5 at 296-98; Ex. A6.  Indeed, the great bulk of attorneys' fees awarded to Ryan were incurred well before they even initiated the arbitration, or in connection with discovery in the lawsuit, pursuing trade secret misappropriation and copyright infringement claims that were rejected by the arbitrator. . . . [Ryan's] dispute resolution policy provides that the exclusive method of resolving disputes with its employees is by arbitration,

> but [Ryan] chose to disregard [its] own policy and
> instead unnecessarily include the Former Employees in
> this lawsuit.   Under these circumstances, the award of
> these fees against the Former Employees, for actions in
> contravention of Ryan's own dispute resolution policy and
> <u>without any underlying statutory basis</u>, is significantly
> unjust.[42]

Ryan has not responded to defendants' argument that the
arbitrator's award of attorneys' fees results in a "significant
injustice."  Thus, for the reasons argued by the defendants, which
take into account all the facts and circumstances of the case
including the powers of arbitrators to judge norms appropriate to
the relations between the parties, the court concludes that
upholding the arbitrator's award of attorneys' fees in manifest
disregard of the governing law on the award of attorneys' fees for
breach of contract, Tex. Civ. Prac. & Rem. Code § 38.001, and for
violation of the Texas Theft Liability Act, Tex. Civ. Prac. & Rem.
Code § 134.005(b), would result in a significant injustice.

### IV.  <u>Conclusions and Order</u>

For the reasons stated above, the court concludes that the
arbitrator's award of expenses to Ryan should be vacated because
the arbitrator exceeded her authority in awarding expenses to Ryan,
and that the arbitrator's award of attorneys' fees to Ryan should
be vacated because the attorneys' fees were awarded in manifest
disregard for the governing law, §§ 38.001 and 134.005 of the Texas

---

[42]Motion to Vacate Arbitration Award, Docket Entry No. 60, p. 7
(emphasis in original).

Civil Practices and Remedies Code, and because taking into account all the circumstances of the case, including powers of arbitrators to judge norms appropriate to the relations between the parties, the award of attorneys' fees to Ryan would result in a significant injustice to the defendants.  Accordingly, defendants' Motion to Vacate Arbitration Award (Docket Entry No. 60) is **GRANTED**.

     **SIGNED** at Houston, Texas, on this 27th day of January, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-24-